Whether or not the venue, for the sale or disposal of property in another county, will lie in Seward County if the security interest was created in Seward County and payments have been made on the loan since removal from Seward County.
No.
Section 69-109 (Reissue 1981) makes it a crime for any person, during the existence of a security interest in personal property, to `sell, transfer, or in any manner dispose of the said personal property, or any part thereof so given as security, . . . without first procuring the consent, in writing, of the owner and holder of the security interest.'
Section 29-1301 (Reissue 1979) provides that all criminal cases shall be tried in the county where the offense was committed except as to some situations not applicable here.
In Forney v. State, 123 Neb. 179 (1932), the information charged that the defendant feloniously `did sell and transfer' certain livestock in Wayne County, Nebraska. The evidence showed that the livestock were loaded in Wayne County, Nebraska and transported by truck to the stock yards in Sioux City, Iowa, where they were sold. The court while holding the venue improper, indicated by dictum that had the information charged with disposing of the steers in question, it might have been upheld on the ground that when the defendant loaded the steers into the truck, whose only destination was the stock yards in Sioux City, Iowa, to sell them the same morning and bring back the proceeds, that the act of loading the steers in Wayne County would have been sufficient for `disposal of them' in that county. However, in the facts set forth in your letter, you also assume that after the removal of the property the purchaser made subsequent payments on the secured property. Under such a situation, without other facts, venue for the sale, transfer, or disposal under § 69-109 (Reissue 1981) would not lie in Seward County.
Under the right circumstances, where removal in the first county was all part of the disposal and sale in the second county, as indicated in the Forney case, supra, venue might lie in county number one for a charge of disposal; however, it would probably be safer in such cases to file for removal without consent under § 69-110 (Reissue 1981) in county one.
Very truly yours, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General